## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### Richmond Division

WILLIE SMITH,                          )
                                       )
       Plaintiff,                  )
                                       )
v.                                     )    Civil Action No. 3:08CV772-HEH
                                       )
BUSCH ENTERTAINMENT                    )
CORPORATION, *et al.*                  )
                                       )
       Defendants.                 )

### MEMORANDUM OPINION
**(Granting in Part Defendants' Motion to Dismiss
and Granting in Part Plaintiff's Motion to Strike)**

THIS MATTER is before the Court on Defendants' Motion to Dismiss Plaintiff's

First Amended Complaint and Plaintiff's Motion to Strike Matters Outside of the

Pleadings and to Exclude Such Matters from Consideration.[1]  The Court will dispense

with oral argument because the facts and legal contentions are adequately presented in the

materials before the Court, and argument would not aid in the decisional process.

The Court will grant in part Plaintiff's Motion to Strike and will not consider any

materials submitted by Defendants that are not part of the public record or attached to,

incorporated in, or referenced by the First Amended Complaint ("Complaint").  *See*

---

[1]Defendants also filed, in the alternative, a motion for summary judgment, and Plaintiff filed, in the alternative, a motion to continue Defendants' motion for summary judgment to permit Plaintiff to conduct discovery.  Because it will not consider any materials not part of the public record or attached to, incorporated in, or referenced by the First Amended Complaint, the Court declines to convert Defendants' Motion into a motion for summary judgment. *See Bosiger v. U.S. Airways, Inc.*, 510 F.3d 442, 450 (4th Cir. 2007).

*Gasner v. County of Dinwiddie*, 162 F.R.D. 280, 282 (E.D. Va. 1995). For the reasons stated herein, the Court will grant in part Defendants' Motion to Dismiss as it relates to the Central Criminal Records Exchange ("CCRE").

## I.   BACKGROUND

This dispute arises from Plaintiff's application for employment with Water Country USA in April 2008. Defendants Busch Entertainment Corporation ("Busch") and Anheuser-Busch Companies, Inc. ("ABC") own and operate Water Country USA; Anheuser-Busch InBev ("InBev") purchased ABC and all its assets in November 2008. Plaintiff alleged that InBev assumed the liabilities of ABC upon its purchase.

The employment application inquired whether Plaintiff had any felony convictions. It also asked Plaintiff to list all his convictions during the past seven years. Plaintiff indicated on the application that he had been convicted of a felony and listed an "assault charge" in Virginia as his only conviction in the past seven years. After reviewing the application, Plaintiff was given a conditional offer of employment subject to a criminal background check.

Defendants procured a criminal background check from the CCRE for a statutory fee of $15 in April or May 2008. Plaintiff also alleged that Defendants obtained consumer reports from U.S. Datalink. After reviewing the criminal background check, Defendants withdrew their offer of employment.

Plaintiff filed his original Class Complaint on November 24, 2008, alleging that

Defendants violated the Fair Credit Reporting Act ("FCRA") by failing to obtain a valid

authorization to procure a consumer report for employment purposes and by failing to

provide several statutorily mandated disclosures related to any consumer reports they used

to decide whether to employ Plaintiff. Plaintiff filed his First Amended Class Complaint

on April 28, 2009. Defendants filed their Motion to Dismiss on May 11, 2009, asserting

that the FCRA does not apply to Plaintiff's claims because the CCRE is not a "consumer

reporting agency" as defined by the statute. Defendants also maintain that ABC and

InBev should be dismissed from the action because they are wholly separate entities from

Busch and they played no role in Busch's decision to withdraw Plaintiff's conditional

offer of employment. The parties have fully briefed the Motion, and it is ripe for

decision.

## II.   STANDARD OF REVIEW

"A motion to dismiss under Rule 12(b)(6) tests the sufficiency of a complaint;

importantly, it does not resolve contests surrounding the facts, the merits of a claim, or

the applicability of defenses." *Republican Party of N.C. v. Martin*, 980 F.2d 943, 952

(4th Cir. 1992). A complaint must have "a short and plain statement of the claim showing

that the pleader is entitled to relief, in order to give the defendant fair notice of what the .

. . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 127 S.

Ct. 1955, 1964 (2007) (internal quotation marks omitted). In considering a motion to

dismiss under Rule 12(b)(6), the Court "must assume that the allegations of the complaint

3

are true and construe them in the light most favorable to the plaintiff." *Martin*, 980 F.2d
at 952.

## III.   ANALYSIS

### A.   The CCRE Is Not a "Consumer Reporting Agency" under the FCRA.

The FCRA limits the use of consumer reports provided by consumer reporting
agencies and requires the users of such reports to disclose certain information related to
the report to the consumer.  15 U.S.C. § 1681b.  A "consumer report" is defined as "any
written, oral, or other communication of any information by a consumer reporting agency
bearing on a consumer's . . . character, general reputation, personal characteristics, or
mode of living which is used or expected to be used . . . for . . . employment purposes."
*Id.* § 1681a(d).  A "consumer reporting agency" is defined as "any person which, for
monetary fees, dues, or on cooperative nonprofit basis, regularly engages . . . in the
practice of assembling or evaluating consumer credit information or other information on
consumers for the purpose of furnishing consumer reports to third parties."  *Id.* §
1681a(f).  Defendants contend that the CCRE does not qualify as a "consumer reporting
agency" under the FCRA.  The Court agrees.

The Virginia General Assembly created the CCRE, a division of the Virginia State
Police, to be the "sole criminal record-keeping agency of the Commonwealth."  Va. Code
Ann. § 19.2-387.  It is required to "receive, classify, and file criminal history record
information" primarily for use by state agencies and other entities for law enforcement

4

purposes. *Id.* § 19.2-388. Along with the numerous agencies and entities to which it is authorized to disseminate criminal history information, the CCRE may, upon written request, provide the conviction data of a person to an employer or prospective employer at the employer's cost, provided that the person on whom the data is being obtained consents to the request in writing. *Id.* § 19.2-389(H).

Clearly, the CCRE is not a "consumer reporting agency" because it does not "assembl[e] or evaluat[e] . . . information on consumers *for the purpose of furnishing consumer reports to third parties.*" 15 U.S.C. § 1681a(f) (emphasis added). Its purpose is to "receive, classify, and file criminal history record information" as required by statute for use by state agencies and other entities for law enforcement purposes. Va. Code Ann. § 19.2-388. That the CCRE provides employers criminal conviction data on employees or prospective employees in limited circumstances does not transform it into a consumer reporting agency for the purposes of the FCRA. *See Ollestad v. Kelley,* 573 F.2d 1109, 1111 (9th Cir. 1978) (holding that FBI is not a "consumer reporting agency" under the FCRA because it does not compile information for the purpose of furnishing consumer reports to third parties); *see also Ricci v. Key Bancshares of Maine, Inc.,* 768 F.2d 456, 466 (1st Cir. 1985) (adopting holding in *Ollestad* that FBI is not a "consumer reporting agency" under the FCRA); *cf. Owner-Operator Indep. Drivers Ass'n v. USIS Commercial Servs.,* 537 F.3d 1184, 1190 n.6 (10th Cir. 2008) (noting that employer may not be a "consumer reporting agency" because it does not compile information on its employees

for the purpose of furnishing consumer reports, but finding that issue was not adequately raised in district court).

Furthermore, the FCRA was enacted by Congress to ensure that the banking system receives "fair and accurate credit reporting" while making certain that "consumer reporting agencies exercise their grave responsibilities with fairness, impartiality, and a respect for the consumer's right to privacy." 15 U.S.C. § 1681. To facilitate these purposes, Congress enacted numerous safeguards to ensure that a consumer's sensitive personal information was protected. For instance, a "consumer reporting agency" must only provide consumer information to third parties for "permissible purposes," *Id.* § 1681b, implement federally mandated procedures to ensure compliance with the FCRA, *Id.* § 1681e, and disclose to a consumer, upon request, the number of parties who have procured a consumer report on that consumer within the previous one- to two-year period. *Id.* § 1681g. Likewise, a "consumer report" may only contain information expressly allowed by statute. *Id.* § 1681c.

The CCRE falls well outside the stated objectives of Congress in enacting the FCRA. Moreover, declaring the CCRE a "consumer reporting agency" would expose it to a multitude of burdensome federal requirements and obligations. The CCRE's failure to comply with those requirements may subject it to civil liability in federal court in derogation of its Eleventh Amendment immunity. The Court must construe the language in federal statutes to avoid constitutional tension. *See Public Citizen v. U. S. Dep't of*

6

*Justice*, 491 U.S. 440, 455 (1989). Therefore, the Court finds that the CCRE does not qualify as a "consumer reporting agency" under the FCRA.

Because the CCRE does not assemble or evaluate consumer information for the purpose of furnishing consumer reports and because a ruling declaring it a "consumer reporting agency" would give rise to a host of potential constitutional issues, the Defendants' Motion will be granted as it relates to Defendants' procurement of a criminal background check from the CCRE. The Court's decision, however, does not warrant dismissal of the Complaint. To support his claims, Plaintiff also alleged that Defendants procured a consumer report from U.S. Datalink, which they used for employment purposes. Assuming that this allegation is true and construing all inferences in the light most favorable to Plaintiff, the Court finds that Plaintiff has stated a claim for which relief may be granted, and it will deny Defendants' Motion to the extent Plaintiff's claim is supported by Defendants' procurement of a consumer report from U.S. Datalink.

**B.      Plaintiff's Claims against ABC and InBev Are Sufficient To Survive Dismissal under Rule 12(b)(6).**

Defendants also contend that Plaintiff's claims against ABC and InBev should be dismissed because ABC and InBev are merely parent corporations of Busch and were not involved in any way in Busch's decision to withdraw its conditional offer of employment to Plaintiff. In his Complaint, Plaintiff alleged that ABC and Busch own and operate Water Country USA; that Busch and ABC handle their human resources functions, including hiring, firing, and obtaining consumer reports for employment purposes,

together; and that ABC was "jointly involved in the relevant employment decisions for [Busch]." (Compl. ¶¶ 14, 15.) Plaintiff also alleged that InBev "assumed the liabilities of [ABC] through the purchase and/or merger agreement." (Compl. ¶ 17.) Assuming these allegations are true and construing all inferences in the light most favorable to Plaintiff, the Court finds that Plaintiff has stated a claim for which relief may be granted, and Defendants' Motion To Dismiss ABC and InBev will be denied.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Defendants' Motion as it relates to Defendants' procurement of a criminal background check. The Motion will be denied to the extent Plaintiff's claims are supported by its allegation that Defendants obtained a consumer report from U.S. Datalink. The Court will also deny the Defendants' Motion To Dismiss ABC and InBev.

An appropriate Order will accompany this Memorandum Opinion.

                                         /s/

                             Henry E. Hudson
                             United States District Judge

Date: Jun 3, 2009
Richmond, VA